Filed 5/6/16  P. v. Langston CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSEPH LANE LANGSTON,<br><br>    Defendant and Appellant. | F069686<br><br>(Super. Ct. Nos. VCF270279 & VCF282673)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Valeriano Saucedo, Judge.

Tutti Hacking, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Detjen, Acting P.J., Franson, J. and Peña, J.

**INTRODUCTION**

After entering no contest pleas to multiple felony and misdemeanor allegations in two separate cases, defendant Joseph Lane Langston was sentenced to prison for a term of five years four months. Defendant's appellate counsel has filed a brief stating there are no issues and seeks independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm the judgment.

**FACTS AND PROCEEDINGS**

*Earlier Criminal Case*

On July 20, 2012, defendant pled no contest in case No. VCF270279 to a misdemeanor count of evading a police officer (Veh. Code, § 2800.2, subd. (a), count 1) and a felony count of interfering with an executive officer (Pen. Code, § 69, count 2). Under the terms of the plea agreement, defendant was sentenced to one year in county jail, he was placed on felony probation, and allegations made pursuant to the three strikes law were dismissed. The court gave, and defendant waived, his constitutional rights pursuant to *Boykin*/*Tahl*.[1] Defendant did not appeal this action.

*Current Allegations*

After a preliminary hearing on October 7, 2013, the People filed an information in case No. VCF282673 alleging the following four felony counts: evading a peace officer (Veh. Code, § 2800.2, subd. (a), count 1), sale of methamphetamine (Health & Saf. Code, 11379, subd. (a), count 2), possession of marijuana for sale (Health & Saf. Code, 11359, count 3), and sale or transportation of marijuana (Health & Saf. Code, 11360, subd. (a), count 4). The information alleged two misdemeanor violations for resisting arrest (Pen. Code, § 148, subd. (a), count 5), and furnishing marijuana (Health & Saf. Code, § 11360, subd. (b), count 6). There were allegations that defendant had two prior serious felony convictions within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12,

---

[1] *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122 (*Boykin*/*Tahl*).

subds. (a)-(d)) and had served five prior prison terms within the meaning of section 667.5, subdivision (b).[2]

*Marsden Hearings*

On October 22, 2013, the trial court held a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). Defendant complained he wanted a settlement offer that included a suspended sentence but his attorney explained he was not eligible for any programs. Defendant wanted counsel to present a settlement offer to the court. Defendant told the court his attorney did not see him and lied about whether he saw defendant. Defense counsel explained his client had two allegations under the three strikes law, faced multiple charges, and that most programs were problematic given the allegations. Defense counsel told the court there was an ongoing offer of four years but defendant had rejected it. Defense counsel explained he had not seen defendant prior to the hearing because he had been very busy that week and did not have anything to tell him.

The court explained to defendant that defense counsel could only negotiate a settlement offer with the prosecutor, and the court had no direct role in those negotiations. The court told defendant that his attorney could not be criticized for failing to bring a settlement offer to the court. After further discussion concerning the roles of defense counsel, the prosecutor, and the court during plea negotiations, defendant said he heard "voices and stuff" and was told he had to adjust. The court told defendant he needed to take his medications. Defendant replied he did so, but he still heard voices. The court denied defendant's *Marsden* motion.

Defendant made a second *Marsden* motion that was heard on January 27, 2014. Defendant complained his attorney wanted to suspend proceedings pursuant to section

---

[2]At the conclusion of the preliminary hearing, the court further found defendant in violation of his probation in case No. VCF270279.

1368 but defendant wanted to go through with his case.  Defendant told the court he was not incompetent.  Counsel told the court he had talked to defendant several times on the phone and defendant had left him a number of voicemails stating that on account of his mental state, he was not sure he could participate in his own defense.  Counsel believed it was his ethical duty to proceed with section 1368 procedures.  The court denied the *Marsden* motion, finding defendant was communicating with counsel and the attorney-client relationship "was not broken."

### Suspension of Proceedings

At the conclusion of the second *Marsden* hearing, the trial court granted defense counsel's motion to suspend criminal proceedings pursuant to section 1368.  Dr. Stephen Bindler, a forensic psychologist, was appointed to evaluate defendant's mental status.  After a focused clinical interview and mental status examination, Dr. Bindler found defendant had a mental disorder, possibly schizoaffective or bipolar I in nature, that does not impair defendant's ability to understand the nature of the criminal proceedings or to assist his trial counsel.  The antipsychotic medication prescribed for defendant by the psychiatrist at the county jail was appropriate for his disorder and defendant was compliant with the medication prescribed to him.  Dr. Bindler concluded defendant was not a danger to himself or others and was mentally competent to stand trial.

At the conclusion of a hearing on April 8, 2014, the trial court found defendant mentally competent and reinstated criminal proceedings.

### Change of Plea Hearing

On May 28, 2014, the parties entered into a plea agreement in case No. VCF282673.  In exchange for defendant admitting all of the allegations in the new action as well as a violation of his probation in the first action, defendant would receive a stipulated sentence of five years four months in state prison.  The court advised defendant of the consequences of his plea and his constitutional rights pursuant to *Boykin/Tahl*.  Defendant waived his rights and told the court he had discussed his rights and possible

defenses with his attorney.  The court found a factual basis for the plea based on the preliminary hearing transcript and the motions filed by the parties.  Defendant pled no contest to all six counts, admitted he had two prior qualifying convictions pursuant to the three strikes law, had served five prior prison terms within the meaning of section 667.5, subdivision (b), and violated his probation in case No. VCF270279.

*Facts*

According to the probation officer's report, at 1:00 p.m. on April 30, 2013, officers surveilling a known location of narcotics trafficking saw defendant's pickup truck leaving the area.  When an officer attempted to conduct a traffic stop, defendant sped away, driving through posted stop signs and regulated school zones in excess of 60 miles per hour.  During the chase, defendant began throwing objects out of his truck and continued driving through stop signs and swerving into oncoming traffic in excess of 80 miles per hour.  The chase ended in the driveway of defendant's home where he was shot in the leg as he attempted to flee from officers.  Defendant was taken to the hospital for treatment of his injuries.  A search warrant was obtained for defendant's home.  There, officers located 2100 grams of packaged marijuana and over 100 grams of packaged methamphetamine.

*Sentencing*

On June 27, 2014, the trial court granted defendant's motion for the return of clothing, computer memory cards, $1,067 in United States currency, and other miscellaneous items that were in his possession when he was arrested and which were not contraband.  The trial court denied defendant's request for probation.  Pursuant to the plea agreement, the trial court sentenced defendant to a total prison term of five years four months as follows:  a term of two years, doubled pursuant to the three strikes law to four years on count 2, transportation or sale of a controlled substance; a consecutive term of one-third the midterm of one year four months on count 1, evasion of a peace officer; and to concurrent sentences on count 4 in this case, transportation or sale of marijuana,

and count 2 in case No. VCF270279, obstruction of an executive officer; and to a term of two years eight months, stayed pursuant to section 654, on count 3, possession of marijuana for sale. The court imposed no sentence on the misdemeanor convictions. Defendant received total custody credits in the first action of 848 days and in this action of 1,212 days. The court imposed a restitution fine of $6,000 in this action and $500 in the first action. The court imposed various other fines and fees.

Appellant filed a timely notice of appeal but did not obtain a certificate of probable cause.

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief summarizing the pertinent facts, raising no issues, and requesting this court to review the record independently. (*People v. Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on April 9, 2015, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.